UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CORVON L. JONES,

        Plaintiff,

    v.                            Case No. 23-C-615

BRIAN HAYES, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Corvon L. Jones, who is currently serving a state prison sentence at the Fox Lake Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $19.43. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff is an inmate at the Fox Lake Correctional Institution. Dkt. No. 1. Defendants are Administrator Brian Hayes, Administrative Law Judge (ALJ) Mayumi M. Ishii, Parole Officer (PO) Amy Pucilowski, PO Supervisor Karla Preiss, PO Lacob Leannais, and State Public Defender Eric Hailstock. *Id*. at 1.

According to the complaint, on October 25, 2022, PO Preiss allegedly gave PO Leannais "permission to disguise himself as a neighbor acting as a 'stalking horse" for the police." *Id*. at 2. The police allegedly "breached" a third-party's home and "illegally seized" Plaintiff. *Id*. Plaintiff was then subject to parole revocation charges based on allegations of absconding and attempting to flee the state. *Id*. Plaintiff gave a statement to his PO denying the allegations, explaining that his address and phone number never changed. *Id*. at 3. PO Pucilowski later got Plaintiff's revocation hearing date pushed back several times due to the inability to locate witnesses. *Id*. Plaintiff alleges that this violated his right to a "speedy trial" under Wis. Stat. §971.10. *Id*. at 2-3. The first public defender assigned to Plaintiff's case withdrew from the case. *Id*. at 3. Attorney Hailstock later represented Plaintiff during his parole revocation hearing. *Id*. at 3. Attorney Hailstock was allegedly ineffective as counsel because he did not subpoena squad-car video footage of the incident. *Id*. ALJ Ishii revoked his parole and Administrator Hayes affirmed ALJ Ishii's decision. *Id*. Plaintiff is currently in custody due to his parole revocation. *Id*. For relief, Plaintiff seeks release from custody and monetary damages. *Id*. at 4.

# THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

The Court will dismiss the complaint. As a preliminary matter, Plaintiff cannot seek release from custody through a §1983 lawsuit. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Nor can Plaintiff assert an ineffective assistance of counsel claim through a §1983 action. *See Cannon v. Newport*, 850 F.3d 303, 306 (7th Cir. 2017) (concluding that a claim that Plaintiff was denied counsel in violation of the Sixth Amendment was barred by *Heck v. Humphrey* because his conviction had not been set aside). Toward that end, a public defender is not considered a state actor for purposes of a §1983 lawsuit. *Agrawal v. Pallmeyer*, 313 F. App'x 866, 868 (7th Cir. 2009). Therefore, Plaintiff fails to state a claim against Public Defender Hailstock.

Next, Administrator Hayes, ALJ Ishii, and PO Pucilowski are entitled to absolute immunity in connection with their roles in Plaintiff's parole revocation proceedings. ALJ Ishii and Administrator Hayes functioned as judges in Plaintiff's parole revocation proceedings by making a decision on the revocation charges and affirming it; therefore, they are entitled to absolute immunity akin to that of a judge. *Crenshaw v. Baynerd*, 180 F.3d 866, 868 (7th Cir. 1999) (holding that quasi-judicial officers who "perform duties functionally comparable to those of a judicial

officer" are absolutely immune from liability). PO Pucilowski functioned as a prosecutor in Plaintiff's parole revocation proceedings by requesting to reschedule the parole revocation hearing due to the unavailability of witnesses; therefore, she is entitled to absolute immunity akin to that of a prosecutor. *Mays v. Johnson*, 850 F. App'x 981, 982 (7th Cir. 2021) (noting that a parole officer who takes action with a "prosecutorial or judicial analog" is entitled to absolute immunity). Plaintiff does not have claims against Administrator Hayes, ALJ Ishii, and PO Pucilowski.

That leaves Plaintiff's Fourth Amendment claim against PO Preiss and PO Leannais in connection with allegations that they helped the police investigate an incident on October 15, 2022, that led to a "breach" of a third-party's home and his "illegal arrest." Dkt. No. 1 at 2. The Fourth Amendment prohibits an individual's arrest without probable cause. *Lopez v. City of Chicago*, 464 F.3d 711, 718 (7th Cir. 2006). Probable cause exists if, at the time of the arrest, the facts and circumstances within an officer's knowledge are sufficient to permit a prudent person to believe that the suspect had committed, is committing, or is about to commit an offense. *Rooni v. Biser*, 742 F.3d 737, 740 (7th Cir. 2014). Absolute immunity does not extend to a parole officer who investigates a parole violation and is involved in preparing the evidence that forms the basis of an arrest. *See Mays*, 850 F. App'x at 982; *Wilson v. Kelkhoff*, 86 F.3d 1438, 1446 (7th Cir. 1996); *see also Dawson v. Newman*, 419 F.3d 656, 662 (7th Cir. 2005) (declining to extend absolute immunity to parole officers for performing their day-to-day duties in the supervision of a parolee).

Plaintiff's allegations are far too vague to state a Fourth Amendment claim against PO Preiss and PO Leannais. Plaintiff does not provide any specific facts about what PO Preiss and PO Leannais allegedly did to "help" the police investigate the October 15 incident, and his allegation that they acted as a "stalking horse" does not adequately clarify the circumstances or establish a lack of probable cause for his arrest that day. Plaintiff also does not allege any facts

5

from which the Court can reasonably infer that he was an "overnight guest" entitled to a reasonable expectation of privacy in someone else's home. *See Minnesota v. Carter*, 525 U.S. 83, 90 (1998). In other words, Plaintiff cannot assert a Fourth Amendment claim based on entry of a third party's home without a warrant. Therefore, Plaintiff fails to state a Fourth Amendment claim against PO Preiss and PO Leannais; and the Court will dismiss the complaint for failure to state a claim.

The dismissal is not final, however. As a general matter, *pro se* plaintiffs are allowed at least one chance to amend an inadequately pleaded complaint. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). Accordingly, the Court will give Plaintiff an opportunity to file an amended complaint to attempt to clarify his Fourth Amendment claim against PO Preiss and PO Leannais. If Plaintiff wishes to proceed with this case, he must file an amended complaint **within 30 days of this order**. The Court will enclose a blank prisoner amended complaint form, along with a guide for *pro se* prisoners that explains how to file an amended complaint that the Court can effectively screen. The Court will require Plaintiff to use the blank prisoner amended complaint form. *See* Civ. L.R. 9 (E.D. Wis.).

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case. The amended complaint replaces the prior complaint and must be complete in itself without reference to the prior version. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If Plaintiff files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Plaintiff does not file an amended complaint, the Court will likely dismiss this case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the original complaint is **DISMISSED** because it fails to state a claim. Plaintiff may file an amended complaint that complies with the instructions in this order **within 30 days of this order.** If Plaintiff files an amended complaint by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will likely dismiss this case.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the **$330.57** balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 14th day of December, 2023.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge